```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: May 15, 2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X

MAURICE OPARAJI,

               Plaintiff,

   -against-

TEACHERS' RETIREMENT SYSTEM OF
THE CITY OF NEW YORK, BOARD OF
EDUCATION OF THE CITY SCHOOL
DISTRICT OF CITY OF NEW YORK,
PATRICIA REILLY, SANFORD R. RICH,
AND MELANIE WHINNERY,

               Defendants.
---------------------------------------------------------X

23-CV-5212 (KMW)

**OPINION & ORDER**

KIMBA M. WOOD, United States District Judge:

      Plaintiff Maurice Oparaji ("Plaintiff"), proceeding *pro se*, brings this action against the Teachers' Retirement System of the City of New York ("TRS"), the Board of Education of the City School District of the City of New York ("BOE"), and individual Defendants Patricia Reilly, Sanford R. Rich, and Melanie Whinnery[1] (collectively, "Defendants"). Plaintiff alleges that Defendants discriminated and retaliated against him for participating as a class member in *Gulino v. Bd. of Educ. of the City Sch. Dist. of the City of New York*, No. 96-CV-8414, by failing to comply with a December 17, 2018 Pension & Stipulation Order ("Pension Order") in that case and providing him with pension benefits. Defendants have moved to dismiss the complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Mem., ECF No. 46.) Plaintiff

---

[1] The parties continue to dispute whether Plaintiff has served Melanie Whinnery, Executive Director of the New York City Employees' Retirement System. On March 6, 2024, the Court denied Plaintiff's Proposed Certificate of Default against Ms. Whinnery as deficient. (Order, ECF No. 33.) As in that Order and the Court's June 18, 2024 Opinion & Order dismissing the First Amended Complaint, the Court adds Ms. Whinnery as a co-defendant under Fed. R. Civ. P. 21, in the interest of judicial efficiency. (Opinion & Order, ECF No. 36 at 1 n.1.)

filed an opposition brief, ECF No. 49 ("Opp'n"), and Defendants filed a reply, ECF No. 51 ("Reply"). For the reasons set forth below, Defendants' motion to dismiss is GRANTED.

## BACKGROUND

Unless otherwise noted, the following facts are drawn from Plaintiff's Second Amended Complaint ("SAC"), ECF No. 39, and are accepted as true for purposes of Defendants' motion to dismiss. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### I.  Plaintiff's Allegations

Plaintiff is an African-American man residing in Queens, New York. (SAC ¶ 2.) Plaintiff previously worked as a New York City schoolteacher. (*Id.* ¶ 3.) Plaintiff was a class member in the *Gulino* class action brought against BOE in this District. (*Id.* ¶ 20.) The facts of the *Gulino* class action are fully set forth in previous opinions. This opinion discusses only those facts necessary to resolve the present motion.

From 1994 to 2014, BOE required permanent teachers to pass the Liberal Arts and Sciences Test ("LAST") as a condition of employment. In 2012, this Court held that BOE's use of the LAST was discriminatory and violated Title VII. *See Gulino v. Bd. of Educ. of the City Sch. Dist. of the City of New York*, 907 F. Supp. 2d 492 (S.D.N.Y. 2012) (Wood, J.), *aff'd* 555 F. App'x 37 (2d Cir. 2014) (summary order). In 2013, the Court certified a remedy-phase class and appointed a Special Master to oversee the calculation of backpay, pension benefits, and other issues specific to individual claimants. *See Gulino v. Bd. of Educ. of the City Sch. Dist. of the City of New York*, No. 96-CV-8414, 2013 WL 4647190, at *6 (S.D.N.Y. Aug. 29, 2013) (Wood, J.).

On December 17, 2018, this Court entered the Pension Order in *Gulino*, SAC at \*163–214, ordering that class members were "entitled to pension damages to compensate them for pension benefits that they would have received absent the discrimination for which [BOE] ha[d] been found liable." (*Id.* ¶ 7.) The Pension Order defined pension relief as follows:

> The pension relief a class member is entitled to receive as a result of this case derives from the service history he or she would have accrued and the salary he or she would have earned absent BOE discrimination (the "counterfactual" service and salary history), as determined by the parties' damages experts and found by the Court, as detailed in the class member's individual judgment award.

(*Id.* at \*164, ¶ 3.) The Pension Order required BOE to provide the counterfactual service and salary history for each individual claimant—the service and salary history the claimant would have had absent BOE discrimination—to TRS or another appropriate public pension system. (*Id.* at \*177–78, ¶ 45.) The Pension Order was signed by the individual Defendants: Patricia Reilly, in her capacity as Executive Director of TRS; Sanford R. Rich, in his capacity as Executive Director of the Board of Education Retirement System of the City of New York ("BERS"); and Melanie Whinnery, in her capacity as Executive Director of the New York City Employees' Retirement System ("NYCERS"). (*Id.* at \*211–13.)

While Plaintiff was employed as a teacher, he contributed 3% of his salary to TRS. (*Id.* ¶ 5.) TRS is an "employee benefit plan administrator," which "provides New York City educators with retirement" benefits. (*Id.* ¶¶ 58, 69.) Because Plaintiff failed the LAST, BOE did not hire him for a regularly appointed teacher position. (*Id.* at \*155; Opp'n ¶ 26.) In 2009, Plaintiff withdrew the contributions he had made to TRS. (SAC ¶¶ 39-40; Opp'n ¶ 51.) Plaintiff later joined the *Gulino* class, SAC ¶¶ 20-21, and the *Gulino* parties ultimately agreed that Plaintiff was entitled to monetary and non-monetary relief as compensation for the injuries he suffered due to BOE's discrimination. (*Id.* at \*156.)

On February 19, 2021, this Court entered a *Gulino* judgment for Plaintiff, awarding him $37,120, including $21,986 in backpay. (SAC ¶ 163; SAC Exhibits, ECF No. 39-1 at *79–80; *Gulino*, No. 96-CV-8414, ECF No. 7422.) The judgment ordered BOE to incorporate Plaintiff's counterfactual service history, as outlined in Exhibit B to the Findings of Fact and Conclusions of Law ("PFFCL") for Plaintiff. (SAC Exhibits at *80.) Plaintiff's PFFCL reflects the *Gulino* parties' and Plaintiff's agreement that "absent [BOE's] discrimination, plaintiff would have been employed as a regularly appointed teacher . . . from April 1998 to February 16, 20[0]1,"[2] a period of "two years and nine months." (SAC ¶ 16; *id.* at *153–61; *Gulino*, No. 96-CV-8414, ECF No. 7258-2.) On September 9, 2021, Plaintiff signed a Settlement and Release Agreement, releasing BOE from all claims and causes of action related to his *Gulino* claim and judgment. (SAC ¶ 95; SAC Exhibits at *41–46.)

On December 27, 2021, Plaintiff received a $2,575.65 invoice from TRS for Basic Member Contributions owed in connection with his *Gulino* judgment. (SAC ¶¶ 96-97.) Plaintiff paid the invoice and received a "Welcome to TRS" letter on January 3, 2022. (*Id.* ¶ 97; SAC Exhibits at *64.) This letter bore TRS Membership No. 00T142296, whereas Plaintiff's original TRS Membership No. was 00T814057. (SAC ¶¶ 23-24.) On June 22, 2022, Plaintiff received an email from TRS stating: "Once a review of your case is completed, you will be notified in writing." (*Id.* ¶ 150.)

On an unspecified date in June 2022, Plaintiff called TRS to ask about the status of his pension benefits. (*Id.* ¶¶ 199-201.) Plaintiff was told "on numerous occasions" by a TRS representative that "[b]ecause [he] separated from service prior to becoming vested, [he was]

---

[2] Plaintiff incorrectly states throughout the SAC and his opposition brief that the counterfactual end date of his regularly appointed teacher service was February 16, **2021**. This Court uses the end date provided in Plaintiff's final judgment in *Gulino*, No. 96-CV-8414, ECF No. 7422: February 16, **2001**.

4

required to withdraw [his] Qualified Pension Plan (QPP) funds" and that he was "not entitled to be reinstated as a member of TRS." (*Id.* ¶¶ 199-200.)

Under New York City Administrative Code § 13-173(a)(3) and (a)(4), in order to be a vested member of TRS, teachers must be appointed for five years and avoid withdrawing any contributions. (*Id.* ¶ 3.) Plaintiff claims that he is a vested member of TRS because he claims that he was an appointed teacher for five years and three months. (*Id.*) This five-year period includes Plaintiff's *Gulino* counterfactual service history from April 1998 to February 16, 2001, in addition to Plaintiff's claimed prior service from January 1996 to April 1998.[3] (*Id.* ¶ 16.)

Defendants have not provided Plaintiff with any pension benefits. (*Id.* ¶¶ 9-10.) Defendants "wiped out [P]laintiff's years of TRS contribution, as if plaintiff never contributed to his Pension account." (*Id.* ¶ 22.) TRS "coerced and intimidated Plaintiff . . . by compelling withdrawal of contributions with TRS." (*Id.* ¶ 39.) Furthermore, TRS "issued [the new] TRS Membership Account Number . . . without plaintiff's consent and knowledge," and "dissuad[ed]" the individual Defendants "from further action." (*Id.* ¶¶ 23, 111.) BOE "passive[ly] acquiesce[d]" to TRS's conduct and failed to incorporate Plaintiff's counterfactual monthly service history. (*Id.* ¶¶ 22, 23, 139, 172.) Defendants took these actions because of Plaintiff's race and in retaliation for Plaintiff's participation in the *Gulino* class action. (*Id.* ¶¶ 10, 22, 26, 28, 32, 34, 170, 172.)

## II. Procedural History

On June 20, 2023, Plaintiff filed the original Complaint. (Compl., ECF No. 1.) On December 13, 2023, Plaintiff filed the First Amended Complaint ("FAC"), alleging breach of contract, retaliation, and race and age discrimination. (FAC ¶¶ 123-134, ECF No. 21.)

---

[3] There is no factual support for Plaintiff's contention that he taught from January 1996 to April 1998, and thus no factual support for his assertion that he taught for more than five years.

5

Defendants moved to dismiss the FAC, ECF No. 26, and the parties fully briefed the motion. On June 18, 2024, this Court granted Defendants' motion to dismiss the contract claim for lack of subject matter jurisdiction, and granted Defendants' motion to dismiss the retaliation and discrimination claims for failure to exhaust administrative remedies. The Court granted Plaintiff leave to amend his complaint. (Opinion & Order, ECF No. 36.)

On July 22, 2024, Plaintiff filed a charge with the United States Equal Employment Opportunity Commission ("EEOC"). (SAC ¶ 86.) On September 12, 2024, he received a dismissal and notice of right to sue from the EEOC. (Opp'n ¶ 13.)

On August 16, 2024, Plaintiff filed the Second Amended Complaint, asserting ten claims against the Defendants, specifically: (i) race discrimination under 42 U.S.C. § 1981; (ii) employment discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*; (iii) retaliation for engaging in a protected activity; (iv) breach of contract; (v) fraud; (vi) negligence; (vii) fraudulent concealment; (viii) breach of fiduciary duty; (ix) "New York Retirement Systems regulations" breach of fiduciary duty; and (x) declaratory relief. (SAC ¶¶ 223-399). Plaintiff seeks compensatory and punitive damages, in addition to court orders directing Defendants to "make Plaintiff whole." (*Id.* at *84.)

**LEGAL STANDARD**

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged." *Id.* While a Court must "accept all factual allegations in the complaint as true and draw all reasonable inferences in plaintiff's favor," *In re Thelen LLP*, 736 F.3d 213, 218–19 (2d Cir. 2013), that principle does not apply to legal conclusions, *see Stadnick v. Vivint Solar, Inc.*, 861 F.3d 31, 35 (2d Cir. 2017).

When considering a Rule 12(b)(6) motion, a court is limited to facts alleged in the complaint, documents attached to the complaint or incorporated in the complaint by reference, and matters of which judicial notice may be taken. *See Goel v. Bunge, Ltd.*, 820 F.3d 554, 559 (2d Cir. 2016). Although the Court must accept the facts as alleged in the complaint, when allegations are contradicted by evidence contained in the documents upon which plaintiff relies, the documents control, and the Court need not accept the allegations in the complaint as true. *See Zoulas v. New York City Dep't of Educ.*, 400 F. Supp. 3d 25, 48 (S.D.N.Y. 2019) (Woods, J.).

Where, as here, a plaintiff proceeds *pro se*, the Court is mindful that the complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). *Pro se* complaints "must be construed liberally and interpreted to raise the strongest arguments that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation marks and citations omitted) (emphasis in original). *Pro se* status, however, "does not exempt a party from compliance with relevant rules of procedural and substantive law." *Id.* at 477 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)). The complaint must still plead "enough facts to state a claim to relief that is plausible on its face." *Costabile v. New York City Health & Hosps. Corp.*, 951 F.3d 77, 80–81 (2d Cir. 2020) (per curiam) (quoting *Twombly*, 550 U.S. at 570).

**DISCUSSION**

Defendants argue that Plaintiff's § 1981 claim should be dismissed for failure to state a claim, and that Plaintiff's Title VII claim should be dismissed as time-barred.[4] The Court agrees and dismisses the SAC in its entirety.

**I.   Plaintiff's Section 1981 Claims, Even Construed as Section 1983 Claims, Fail to State a Claim**

Defendants seek dismissal of Plaintiff's § 1981 claims against BOE and the individual Defendants, arguing correctly that § 1981 does not provide a separate private right of action against state actors. *See Duplan v. City of New York*, 888 F.3d 612, 616 (2d Cir. 2018) ("42 U.S.C. § 1983 provides the sole cause of action available against state actors alleged to have violated § 1981."); *see also Gonzalez v. City of New York*, 377 F. Supp. 3d 273, 284–85 (S.D.N.Y. 2019) (Woods, J.) (defining "state actors" in the § 1983 context to include city employees acting in their official capacities). Plaintiff does not respond to this argument in his opposition brief. The Court therefore grants Defendants' motion to dismiss Plaintiff's § 1981 claims against BOE and the individual Defendants as unopposed and on the merits.

Following the Second Circuit in *Duplan*, however, courts in this District routinely evaluate § 1981 claims, especially those brought by *pro se* plaintiffs, as causes of action brought under § 1983. *See, e.g.*, *In re New York City Dep't of Educ.*, No. 15-CV-7150, 2019 WL 1433163, at *5 (S.D.N.Y. Mar. 29, 2019) (Nathan, J.); *see also Collymore v. City of New York*,

---

[4] Defendants also argue that Plaintiff's claims should be dismissed for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), and because Plaintiff signed a release in *Gulino* barring this action. (*See* Mem. at 6–10.) Because the Court holds that Plaintiff has failed to state a Section 1981 claim under Fed. R. Civ. P. 12(b)(6) and that his Title VII claims are time-barred, the Court does not address the jurisdictional arguments.

767 F. App'x 42, 45 n.2 (2d Cir. 2019) (summary order) (noting that district court correctly construed plaintiff's § 1981 claims as § 1983 claims following *Duplan*).

Even construing Plaintiff's § 1981 claims as § 1983 claims, however, Plaintiff fails to state a claim. Section 1983 creates a federal right of action against any person who, acting under color of state law, deprives the plaintiff of a right created by the U.S. Constitution or federal law. 42 U.S.C. § 1983. A plaintiff who sues under § 1983 must plausibly allege that the challenged acts were performed "pursuant to a municipal policy or custom." *Duplan*, 888 F.3d at 621 (quoting *Patterson v. Cnty. of Oneida*, 375 F.3d 206, 226 (2d Cir. 2004)). The SAC does not allege that BOE or the individual Defendants, in their official capacities, discriminated against Plaintiff pursuant to a municipal policy or custom. *See Green v. Dep't of Educ. of the City of New York*, 16 F.4th 1070, 1077 (2d Cir. 2021) (per curiam) (affirming dismissal of § 1983 claim because plaintiff's conclusory allegations that Department of Education targeted African-American male teachers were insufficient to plausibly support that alleged racial discrimination resulted from a municipal policy or custom).

To the extent that the SAC can be construed as asserting a § 1983 claim against the individual Defendants in their individual capacities, Plaintiff does not plead facts demonstrating that the individual Defendants were personally involved in the alleged deprivation here: the failure to provide the pension benefits Plaintiff asserts he is owed. *See Littlejohn v. City of New York*, 795 F.3d 297, 314 (2d Cir. 2015) ("An individual may be held liable under §§ 1981 and 1983 only if that individual is personally involved in the alleged deprivation." (internal quotation marks and citations omitted)). Defendants Sanford R. Rich and Melanie Whinnery are Executive Directors of BERS and NYCERS, respectively, two public pension systems that are separate from TRS, in which Plaintiff was a member. (SAC at *163–64, ¶ 2; *id.* at *166–68, ¶¶ 10-15.)

9

Plaintiff does not state how Defendant Patricia Reilly was involved in the denial of pension benefits, beyond stating in conclusory fashion that she signed the Pension Order, *id.* ¶ 117, was "dissuad[ed]" from acting after TRS wiped out Plaintiff's prior contributions, *id.* ¶ 111, and "failed or refused to comply" with the Court's orders in *Gulino* because of Plaintiff's race, *id.* ¶ 145.

Last, although Defendants seek dismissal of Plaintiff's § 1981 claims against TRS on different grounds, Mem. at 18–19, the Court notes that TRS is also a "state actor" for purposes of a § 1983 claim. *See e.g.*, *Campo v. New York City Employees' Ret. Sys.*, 843 F.2d 96, 99 (2d Cir. 1988) (holding that NYCERS, a New York City agency responsible for administering city employees' pension benefits, is a "person" acting under color of state law under § 1983); *Clissuras v. City Univ. of New York*, 90 F. App'x 566, 567 (2d Cir. 2004) (summary order) (affirming dismissal of § 1983 claim alleging TRS miscalculated retired teachers' pension benefits, treating TRS as a "state actor"). Because the SAC does not allege that TRS discriminated against Plaintiff pursuant to a municipal policy or custom, Plaintiff's § 1981 claims, construed as § 1983 claims, fail as against TRS.

Moreover, Plaintiff fails to allege that he has been deprived of a right under § 1983. Plaintiff asserts that he is a vested member of TRS because he served as a teacher for more than five years, including the counterfactual years he gained through the *Gulino* class action. (SAC ¶¶ 3, 16.) However, the Pension Order, appended to the SAC, explicitly states that each *Gulino* class member's pension relief is based only on the counterfactual service history detailed in the class member's individual judgment. (*Id.* at *164, ¶ 3.) According to Plaintiff's individual judgment, his counterfactual service history runs from April 1998 to February 16, 2001, which is two years and nine months, not the five years required to become a vested member of TRS and

qualify for pension benefits. *See* N.Y.C. Admin. Code § 13-173(a)(3). Plaintiff provides no factual support for his contention that he also taught from January 1996 to April 1998, and does not respond to Defendants' arguments pointing out the same discrepancy. Plaintiff also acknowledges that he withdrew his accumulated contributions sometime in 2009. (SAC ¶¶ 39-40; Opp'n ¶ 51.) A teacher who withdraws his contributions does not have a vested retirement right. *See* N.Y.C. Admin. Code § 13-173(a)(4).

The Court therefore dismisses Plaintiff's § 1981 claims against all Defendants, even to the extent construed as claims brought under § 1983.

## II. Plaintiff's Title VII Claims Are Time-Barred

There is no individual liability under Title VII. *See Lore v. City of Syracuse*, 670 F.3d 127, 169 (2d Cir. 2012). Accordingly, the Court dismisses Plaintiff's Title VII claims against the individual Defendants and considers only whether Plaintiff has stated a claim against TRS and BOE.

Defendants seek dismissal of Plaintiff's Title VII claims to the extent those claims are based on acts that occurred prior to September 26, 2023, which is 300 days before July 22, 2024, the date on which Plaintiff filed his EEOC charge. (Mem. at 20; Reply at 6.) Plaintiff does not respond to this argument beyond stating that he has "fully complied with all prerequisites to jurisdiction in this Court under Title VII" by filing "[t]imely charges covering [his] allegations of discrimination and retaliation by Defendants . . . with the United States Equal Employment Opportunity Commission." (Opp'n ¶ 12.)

A plaintiff in New York State seeking to file a Title VII suit in federal court must first file a complaint with the EEOC within 300 days of the alleged unlawful employment action. *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109 (2002); *Zimmelman v. Teachers' Ret.*

*Sys. of the City of New York*, No. 08-CV-6958, 2010 WL 2034436, at *3 (S.D.N.Y. May 20, 2010) (Batts, J.). The 300-day period starts to run on the date the alleged unlawful action is communicated to the plaintiff. *See Morehead v. New York City Transit Auth.*, 385 F. Supp. 2d 248, 251 (S.D.N.Y. 2005) (Chin, J.) ("The 300–day period starts to run when the claimant receives notice of the allegedly discriminatory act, not when the allegedly discriminatory decision takes effect."). When a plaintiff fails to file a timely complaint with the EEOC, alleged discriminatory or retaliatory actions that occurred before the 300-day period are deemed time-barred. *See Kuperman v. City of New York*, No. 20-CV-6834, 2021 WL 4442855, at *3 (S.D.N.Y. Sept. 28, 2021) (Swain, C.J.).

In this case, Plaintiff's claims are based on conduct that occurred more than 300 days before he filed his EEOC complaint on July 22, 2024. The exact date on which Plaintiff received notice of the alleged discrimination and retaliation—denial of his pension benefits—is not clear from the SAC. However, even conservatively placing that date in June 2022, when a TRS representative told Plaintiff that he did not qualify for pension benefits, Plaintiffs claim accrued well before the 300-day limitations period. Accordingly, the Court dismisses Plaintiff's Title VII discrimination and retaliation claims as time-barred. *See Zimmelman*, 2010 WL 2034436, at *3 (dismissing as time-barred a retired teacher's Title VII claims against TRS, alleging miscalculation of pension benefits, where Plaintiff failed to file an administrative complaint within 300 days of learning about the alleged discrimination).

### III.   Plaintiff's State Law Claims

Because Plaintiff has failed to state a Section 1981 claim and Plaintiff's Title VII claim is time-barred, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims. *See* 28 U.S.C. § 1367(c)(3); *Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122

(2d Cir. 2006) (noting that a court has discretion to decline to exercise supplemental jurisdiction when it has dismissed all claims over which it has original jurisdiction).

## CONCLUSION

For the reasons stated above, the Court grants Defendants' motion to dismiss. The Clerk of Court is respectfully directed to close the pending motion at ECF No. 46 and to close the case.

To the extent Plaintiff has questions or concerns related to the administration of his monetary and non-monetary relief in *Gulino*, Plaintiff is encouraged to contact the Office of the Gulino Ombudsman by email at GulinoInquiries@schools.nyc.gov.

SO ORDERED.

Dated: New York, New York
May 15, 2025                                          */s/ Kimba M. Wood*
                                                                  KIMBA M. WOOD
                                                      United States District Judge