```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: June 9, 2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X

MAURICE OPARAJI,

                Plaintiff,

    -against-

TEACHERS' RETIREMENT SYSTEM OF
THE CITY OF NEW YORK, BOARD OF
EDUCATION OF THE CITY SCHOOL
DISTRICT OF CITY OF NEW YORK,
PATRICIA REILLY, SANFORD R. RICH,
AND MELANIE WHINNERY,

                Defendants.
----------------------------------------------------------X

23-CV-5212 (KMW)

**OPINION & ORDER**

KIMBA M. WOOD, United States District Judge:

      Plaintiff Maurice Oparaji has moved for reconsideration (Pl.'s Mot., ECF No. 53) of this Court's May 15, 2025 Opinion & Order (ECF No. 52) granting Defendants' motion to dismiss his Second Amended Complaint. Familiarity with the Opinion & Order is assumed. For the reasons set forth below, Plaintiff's motion is DENIED.

      "Reconsideration of a court's previous order is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" *Parrish v. Sollecito*, 253 F. Supp. 2d 713, 715 (S.D.N.Y. 2003) (Marrero, J.) (quoting *In re Health Mgmt. Sys., Inc. Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000) (Berman, J.)). A court should not grant a motion for reconsideration "where the moving party seeks solely to relitigate an issue already decided." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

The standard to grant a motion for reconsideration is strict:

> A party may move for reconsideration and obtain relief only when the party identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice. The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court. *Cho v. Blackberry Ltd.*, 991 F.3d 155, 170 (2d Cir. 2021) (internal quotation marks, brackets, and citations omitted).

Plaintiff has moved for reconsideration of the Court's grant of Defendants' motion to dismiss, arguing that the Court "misapprehend[ed] key facts that bear directly on the outcome of the issues." (Pl.'s Mot. at 2.) Plaintiff lists eight facts and asserts that the Court either ignored or misunderstood them:

(1) The Court incorrectly stated that Plaintiff withdrew his TRS contributions because although Plaintiff completed and submitted an "Application for Withdrawal of QPP Accumulations," he was coerced into doing so. (*Id.* at 2-3.)

(2) The Court "failed to address the reason behind the change" in Plaintiff's TRS membership number, which was that Defendants "wiped out" Plaintiff's contributions without his knowledge and consent. (*Id.* at 3-4.)

(3) Plaintiff's race was the reason for Defendants' actions. (*Id.* at 4-5.)

(4) Individual Defendant Melanie Whinnery was properly served and therefore, Plaintiff is entitled to default judgment against her, despite the Court's March 6, 2024 denial, ECF No. 33, of Plaintiff's proposed certificate of default. (*Id.* at 5-6.)

(5) The Court incorrectly held that Plaintiff failed to show Defendants personally discriminated against him. (*Id.* at 6-7.)

(6) The Court incorrectly held that Plaintiff's Title VII claims are time-barred. (*Id.* at 7-8.)

(7) The Court "improperly stated" that Plaintiff did not respond to Defendants' time-bar argument. (*Id.* at 8-9.)

(8) The Court failed to hold the individual Defendants responsible as signatories to the December 17, 2018 Pension & Stipulation Order. (*Id.* at 9.)

Plaintiff's arguments fail to meet the strict standard for reconsideration. Plaintiff does not identify any intervening change in law or controlling decisions or data that the Court did not already consider. Plaintiff instead reiterates conclusory allegations of discrimination and retaliation that the Court already held failed to state a claim. Plaintiff's allegations that he was coerced into withdrawing his contributions have no ultimate bearing on the issues because, as the Court explained in its Opinion & Order, there is no separate private right of action against state actors under Section 1981, and therefore, Plaintiff's Section 1981 claims against Defendants cannot stand.

Plaintiff's assertion that his Title VII claims are not time-barred is undermined by his acknowledgment that he first received notice of the alleged discrimination on December 18, 2018. (*Id.* at 8.) This would mean that Plaintiff had only until October 14, 2019—300 days after receiving notice—to file a charge with the EEOC. Plaintiff did not file the charge until July 22, 2024. Plaintiff's assertion that the Court did not account for the 300-day period, *id.* at 7-8, is incorrect, *see* Opinion & Order at 11-12.

The Court declines to modify its original holding.

## CONCLUSION

For the reasons stated above, the Court denies Plaintiff's motion for reconsideration. The Clerk of Court is respectfully directed to close the pending motion at ECF No. 53.

The Court denies Defendants' request for an extension of time to respond to Plaintiff's motion, ECF No. 55, as moot.

3

The Court reminds Plaintiff that he can contact the Office of the Gulino Ombudsman by email at GulinoInquiries@schools.nyc.gov with questions regarding his monetary and non-monetary relief in *Gulino*.

SO ORDERED.

Dated: New York, New York
       June 9, 2025

                                                  */s/ Kimba M. Wood*
                                                KIMBA M. WOOD
                                      United States District Judge